JAMES NESTOR *v.* TRAVELERS INDEMNITY
COMPANY
(14576)

Dupont, C. J., and Foti and Lavery, Js.

Argued February 27—officially released June 11, 1996

*David M. Reilly*, for the appellant (plaintiff).

*Robin S. Linker*, with whom, on the brief, was *Louis A. Ricciuti, Jr.*, for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment rendered for the defendant following the trial court's granting of the defendant's motion to strike the plaintiff's amended complaint and his petition for the taking of depositions.[1]

This case is an action in equity for discovery filed by the plaintiff against the defendant, Travelers Indemnity Company. The plaintiff alleged in his complaint that he was an employee of North American Phillips Corporation (North American), and that the defendant had issued an automobile insurance policy covering his employer's fleet of forty-two trucks. The plaintiff further claimed that the policy of insurance provided uninsured and underinsured motorists coverage in the amount of $20,000 per person and $40,000 per accident for each vehicle, with a two million dollar limit on liability.

The plaintiff's complaint alleged that he sustained injuries while operating one of his employer's vehicles when it collided with another automobile. Although the

---

[1] The trial court's memorandum of decision does not specifically address the plaintiff's request for discovery by deposition pursuant to General Statutes §§ 52-412 (c) and 52-156, nor does it articulate a decision regarding the plaintiff's statutory claim.

operator of the other vehicle was legally responsible for the accident, that individual had insufficient liability coverage to compensate the plaintiff for his injuries. The plaintiff claims to be entitled to proceed in arbitration, claiming benefits under the defendant's underinsured motorists coverage insurance policy. The plaintiff's complaint asserted that he believed that North American and the defendant intended the insurance contract to provide underinsured benefits not to exceed two million dollars by way of aggregating or "stacking"[2] the coverage on each of the vehicles in North American's fleet. The plaintiff sought discovery for the purpose of demonstrating, in an arbitration proceeding, that at the time North American and the defendant entered into the insurance contract, both parties intended to stack the insurance coverage on North American's fleet of vehicles.

The defendant filed a motion to strike the complaint, alleging that the plaintiff lacked the necessary good faith and probable cause to commence the action because he did not establish a prima facie case in support of his claim regarding the intention of the defendant and North American and, therefore, failed to state a cause of action on which relief could be granted. The trial court, *Maiocco, J.*, granted the motion and the plaintiff filed an "Amended Complaint and Petition for Taking of Depositions."[3] This complaint was identical

---

[2] " 'Stacking' refers to the ability of the insured, when covered by more than one insurance policy, to obtain benefits from a second policy on the same claim when recovery from the first policy alone would be inadequate." *Nationwide Ins. Co.* v. *Gode*, 187 Conn. 386, 388 n.2, 446 A.2d 1059 (1982).

[3] The filing of the amended complaint acts as a withdrawal of the original complaint, following the granting of a motion to strike. *Royce* v. *Westport*, 183 Conn. 177, 179, 439 A.2d 298 (1981). If the amended complaint merely restates the original cause of action that was stricken, the plaintiff may not appeal the granting of a subsequent motion to strike. *Doe* v. *Marselle*, 38 Conn. App. 360, 364, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996).

to the original complaint with the exception of two additional paragraphs setting forth the plaintiff's statutory claims,[4] and one added paragraph in the prayer for relief.[5]

The defendant then filed a second motion to strike this complaint. The plaintiff again filed a request to amend his complaint by adding two new paragraphs, to which the defendant objected. The trial court, *Hadden, J.*, overruled the defendant's objection to the request to amend and, with the agreement of the parties, treated the motion to strike as applying to the original complaint as further amended.[6] In granting the motion

[4] The plaintiff's complaint added the following paragraphs: "10. This action is brought pursuant to [General Statutes] § 52-412 (c) to obtain an order directing the taking of depositions for use as evidence in a deposition and for equitable orders by way of bill of discovery pursuant to compulsory arbitration mandated by statute, [General Statutes §] 38-175c, Revision of 1985 as amended by [Public Acts 1985, No. 85-7, and Public Acts 1986, No. 86-403], and the provisions of [General Statutes] § 38-175a (b) which provides: 'Nothing contained in such regulations or in [General Statutes §§] 38-175a to 38-175e, inclusive shall prohibit any insurer from affording broader coverage under a policy of automobile liability insurance than that required by such regulations.'

"11. The depositions to be taken will be evidentiary depositions available for use by either party pursuant to [Practice Book] § 248, and are necessary to preserve records pursuant to [General Statutes] § 52-156. Witnesses are at greater distance than 30 miles from the place where arbitration will be held [the] plaintiff will be unable to produce witnesses by subpoena as witnesses to the transactions described are unknown to the plaintiff, exceptional circumstances as to make it desirable in the interest of justice and with due regard to the importance of obtaining and presenting the testimony of witnesses, that the court permit the taking of depositions, and depositions sought are and will be from officers or directors or persons to be designated to testify on behalf of the defendant, a private corporation, under [Practice Book] § 244."

[5] The prayer for relief added the following for production pursuant to depositions authorized under General Statutes § 52-412 (c): "(n) All documents which together with and in addition to the policy of insurance constitute the full and complete contract of insurance between the defendant and its named insured."

[6] The second amendment to the complaint added the following paragraphs: "12. The plaintiff will present factual evidence to the arbitrators that the plaintiff's employer obtained the additional benefits for underinsured motor-

to strike, the trial court concluded that the plaintiff had "failed to demonstrate that the information he is seeking is material and necessary to his action. The plaintiff has not set forth facts sufficient to show good faith or probable cause to support his claim that stacking was reasonably expected by the parties to the insurance contract."

In reviewing a trial court's ruling on a motion to strike, we accept as true all facts that are well pleaded and construe the complaint in a manner most favorable to sustaining its legal sufficiency. *Sassone* v. *Lepore*, 226 Conn. 773, 779–80, 629 A.2d 357 (1993).

"The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. . . . As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries. . . . The bill is well recognized and may be entertained notwithstanding the statutes and rules of court relative to discovery. . . . Furthermore, because a pure bill of discovery is favored in equity, it should be granted unless there is some well founded objection against the exercise of the court's discretion. . . .

"To sustain the bill, the petitioner must demonstrate that what he seeks to discover is material and necessary

ist coverage for the purpose of establishing additional contractual benefits that were specially created for the primary and exclusive benefit of employees hired to operate motor vehicles owned by the employer. The purchase of said policy was intended as a condition and term of employment by both the employer and employees. The plaintiff will present evidence to the arbitrators that the defendant in this action accepted a premium for the risk of covering the cost of providing such benefit and by so doing promised benefits to employees as third party beneficiaries during the life of said policy.

"13. The defendant's insurance policy contains a provision for arbitration with provision for final determination of coverage issues in the arbitration proceeding."

for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. . . .

"Discovery is confined to facts material to the plaintiff's cause of action and does not afford an open invitation to delve into the defendant's affairs. . . . A plaintiff must be able to demonstrate good faith as well as probable cause that the information sought is both material and necessary to his action. . . . A plaintiff should describe with such details as may be reasonably available the material he seeks . . . and should not be allowed to indulge a hope that a thorough ransacking of any information and material which the defendant may possess would turn up evidence helpful to [his] case. . . . What is reasonably necessary and what the terms of the judgment require call for the exercise of the trial court's discretion. . . .

"The plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action. . . . Its existence or nonexistence is determined by the court on the facts found. . . . Moreover, the plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong. The plaintiff need not, however, state each claim with technical precision; he need only set forth facts that fairly indicate that he has some potential cause of action." (Citations omitted; internal quotation marks omitted.) *Berger* v. *Cuomo*, 230 Conn. 1, 5–8, 644 A.2d 333 (1994).

The plaintiff concedes that the trial court must consider the underlying claim. He argues, however, that the trial court improperly concluded that, as a matter of law, stacking is not applicable with respect to uninsured

motorists coverage that is provided in fleet insurance policies, and, therefore, in this particular case, the plaintiff cannot maintain that the defendant and North American reasonably expected that stacking would be allowed. We do not agree.

Stacking as a reasonable expectation of the parties does not extend to fleet contracts. *Cohn* v. *Aetna Ins. Co.*, 213 Conn. 525, 530, 569 A.2d 541 (1990). Our review of the record and briefs demonstrates that the trial court properly concluded that the plaintiff had not set forth facts sufficient to show good faith or probable cause to support his claim that the parties to the insurance contract reasonably expected stacked insurance coverage. The plaintiff did not establish through his pleadings that he had probable cause to bring a potential cause of action but, rather, merely alleged unfounded suspicions.

The existence or nonexistence of probable cause to proceed to arbitration[7] under a policy such as the defendant's is usually determined by a court on the facts found. In the present case, however, because the court was acting on the defendant's motion to strike, we are limited to the facts that are well pleaded in the plaintiff's complaint. The sole paragraph going to the heart of this bill of discovery is paragraph twelve.[8] What appear to be allegations of fact are, in reality, speculations and suspicions that form the basis of the discovery itself. The allegations are not sufficient as facts to establish that probable cause exists to bring a potential cause of action. If stacking as a reasonable expectation of the parties does not extend to fleet contracts; id., 530; the plaintiff must by his pleadings do more than merely allege the opposite. He speculates that if the discovery

[7] Because of our disposition of the case we deem it unnecessary to determine whether the right to proceed in arbitration is "an action" as a prerequisite to the bringing of an independent action for a bill of discovery.

[8] See footnote 6.

is granted, he may perhaps, if the premiums are found to be somehow greater than usual, show a different intention between his employer and the defendant as to the fleet coverage.

The plaintiff bases his statutory claims[9] on General Statutes § 52-412 (c), which allows a party to seek "an order directing the taking of depositions . . . for use as evidence in an arbitration," and on General Statutes § 52-156. By his pleading, the plaintiff has sought permission to take depositions without identifying any persons he intends to depose and without claiming the unavailability of those persons for purposes of discovery. No statutory basis exists pursuant to § 52-412 (c) for the taking of depositions absent specificity as to the identity of the deponents and without "setting forth the reasons" for the application. Section 52-156 allows a person seeking to preserve the testimony of a witness to submit an application to the court, naming the witness, giving reasons for the application and describing the subject matter of the controversy. The plaintiff has not complied with the provisions of § 52-156.

The judgment is affirmed.

In this opinion the other judges concurred.