[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
The plaintiffs, Susan and John Deleonardo, filed a six-count revised complaint on April 26, 1996, against the defendant Metropolitan Property and Casualty Insurance Company. The complaint alleges that the defendant failed to pay underinsured motorist benefits when the plaintiff was hit by an unknown driver. The defendant filed a motion to strike counts three, four, and five on May 29, 1996. The plaintiffs did not file a motion in opposition.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The defendant argues that count three, which alleges breach of the implied covenant of good faith and fair dealing, cannot be maintained because the defendant did not engage in conduct CT Page 5370-AA amounting to bad faith. The defendant relies on facts outside of the pleadings, which this court cannot consider in a motion to strike. Id. The defendant also alleges, however, that the plaintiff has not pled sufficient facts to support its claim. "The implied covenant of good faith and fair dealing has been applied by this court in a variety of contractual relationships, including . . . insurance contracts." Verrastro v. Middlesex Ins. co.,207 Conn. 179, 190, 540 A.2d 693 (1988). "[W]hen the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." L.F. Pace and Sons,Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 46, 514 A.2d 766, cert. denied 201 Conn. 811, 516 A.2d 886 (1986). The Supreme Court accepted the following definition of bad faith, "bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." Buckman v. PeopleExpress, Inc., 205 Conn. 166, 171, 530 A.2d 596 (1987).
The plaintiff alleges "[t]he defendant, by refusing to pay the amount demanded by the plaintiff has breached an implied covenant of good faith and fair dealing, contrary to its obligation to deal with the plaintiff, its insured, in a fair and reasonable manner." The plaintiff has not alleged facts sufficient to state a claim for breach of the implied covenant of good faith and fair dealing.
The defendant also argues that the count cannot be sustained until there is a finding of breach of contract. "[W]e accept as true all facts that are well pleaded and construe the complaint in a manner most favorable to sustaining its legal sufficiency."Nestor v. Travelers Indemnity Company, 41 Conn. App. 625, 629, ___ A.2d ___ (1996). The court must take as true the plaintiffs allegations that there was a breach of contract. While it may be true that the plaintiffs must first prove a breach of contract before they can recover for a bad faith breach, a motion to strike looks at the allegations, not the proof.
The defendant next argues that the fourth count, sounding in Connecticut's Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. and the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815, cannot be maintained because the plaintiffs have only alleged one incident of wrongdoing, and have not alleged a general business practice. "In requiring proof that the insurer has engaged in unfair claim settlement practices `with such frequency as to indicate a general business practice,' CT Page 5370-BB the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct."Lees v. Middlesex Ins. Co., 229 Conn. 842, 849, 643 A.2d 1282
(1994). "We conclude that the defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a `general business practice' as required by 38a-816(6)." Id.
Furthermore, "a CUTPA claim based on an alleged unfair claim settlement practice prohibited by 38a-816(6) required proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant `with such frequency as to indicate a general business practice.'" Id. at 850.
The plaintiffs have alleged improper conduct in the handling of a single insurance claim, and therefore the count does not state a claim upon which relief can be granted.
Lastly, the defendant argues that the plaintiffs' fifth count, alleging recklessness, does no more than reiterate the allegations sounding in negligence and do not rise to recklessness. "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108 (1988). The complaint alleges that the defendant "has wilfully engaged in a conservative form of conduct in failing to pay any claims for basic reparations benefits such as medical payments and, in so doing, has engaged in [a] general course of conduct of reckless business conduct in violation of CUIPA" which caused the plaintiffs emotional distress. The allegation falls short of alleging reckless misconduct.
Accordingly, the court grants the motion to strike as to counts three, four and five.
KARAZIN, JUDGE CT Page 5370-CC