[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE DEFENDANTS' MOTION TO STRIKE
Before the court is the defendants' motion to strike the first, second, third, sixth, and seventh counts of the plaintiff's amended complaint. When considering a motion to strike, the court construes the complaint in a manner most favorable to sustaining its legal sufficiency; Nestorv. Travelers Indemnity Co., 41 Conn. App. 625, 629,677 A.2d 475 (1996); and accepts all the facts alleged in and reasonably inferred from the challenged count or counts. SeeClohessy v. Bachelor, 237 Conn. 31, 33, 675 A.2d 852 (1996) (where the court recited and accepted as true the facts alleged in, and reasonably inferred from, the stricken third count alleging a cause of action for negligent infliction of emotional distress).
 I
In the present case, the same facts are alleged to support each count within the ammended complaint. The alleged facts, accepted as true, are as follows. In 1987, the plaintiff, Ann L'Altrella, was hired as a company provider by the defendant CT Page 3459 companies, Weight Watchers International and Weight Watchers North America. In the Spring of 1994, while still employed by the defendants, the plaintiff started her own business. As a part of her new business, the plaintiff advertised and sold a dietary food supplement known as Thermachrome 5000. The plaintiff alleges that the business of advertising and selling Thermachrome 5000 was outside the scope of her employment with the defendants.
The amended complaint further alleges that Maryann Povodnich and Donna Walker were also employed by the defendants. On or about June 14, 1994, while acting within the scope of their employment, Povodnich and Walker met with the plaintiff to discuss her sale of Thermachrome 5000. The amended complaint does not set forth any further details of this meeting.
Approximately three weeks later, on July 5, 1994, the plaintiff was directed to sign a letter from the defendants. The letter contained the following statements, which the plaintiff alleges were substantially false: that Thermachrome 5000 was the product of a competitor of the defendants; that Thermachrome 5000 was a product in competition with the defendants' products or services; that the plaintiff was therefore endorsing, promoting or selling a product in competition with the defendants' products; that the plaintiff agreed to sign a letter acknowledging these facts; and, that if the plaintiff refused to sign an acknowledgement letter, it would be deemed to signify her resignation from employment with the defendants. The letter further refers to a prior letter dated June 15, 1994.
Three days later, on July 8, 1994, the defendants notified the plaintiff, through their employee Povodnich, that in order to continue her employment with the defendants, she had to sign a document that contained a purported admission by the plaintiff that the sale of Thermachrome 5000 was the sale of a competitor's product, and, a statement by the plaintiff that she would cease any further sale of Thermachrome 5000. The defendants would deem the plaintiff's failure to sign the document as the plaintiff's resignation. The plaintiff refused to sign the document.
The following day, July 9, 1994, the plaintiff was denied entry into the defendant's workplace. She was informed in the parking lot that she was denied entry because she resigned from CT Page 3460 her position with the defendants. The plaintiff alleges that she did not resign from her position, and instead was terminated for refusing to accede to the defendants' demand that she stop selling Thermachrome 5000.
In the first, second, third, sixth, and seventh counts, the plaintiff alleges that the defendants' actions constitute a violation of the Connecticut Antitrust Act (CUTPA), a breach of the implied covenant of good faith and fair dealing, a tortious interference with a business relationship and, a wrongful termination respectively. As a result of the defendants' alleged wrongful conduct, the plaintiff alleges that she has sustained the following substantial injuries, which she seeks to recover in each of the five counts challenged by the defendants' motion to strike: (a) lost profits; (b) loss of business opportunity; (c) impaired earning ability; (d) reduced income; (e) injury to credit and financial standing; (f) shock to her nervous system, migraines, and loss of sleep; and, (g) harassment, humiliation, and injury to her reputation.[1]
 II Count One — The Connecticut Antitrust Act
The defendants move to strike the first count on the ground that the plaintiff lacks standing to bring an antitrust claim under the Connecticut Antitrust Act. The defendants argue that the plaintiff was not the target of the defendants' alleged antitrust activity, and she did not suffer an "antitrust injury" that is compensable under the act. The defendants therefore argue that the first count should be stricken.
The Connecticut Antitrust Act "was intentionally patterned after the antitrust law of the federal government. Therefore, our construction of the Connecticut Antitrust Act is aided by reference to judicial opinions interpreting the federal antitrust statutes. . . . Accordingly, we follow federal precedent when we interpret the act unless the text of our antitrust statutes, or other pertinent state law, requires us to interpret it differently." (Brackets omitted; citations omitted; footnote omitted; internal quotations omitted.). Westport Taxi ServiceInc. v. Westport Transit District, 235 Conn. 1, 15-16,664 A.2d 719 (1995); see also General Statutes § 35-44b (It is the intent of the General Assembly that in construing [the Connecticut Antitrust Act], the courts of this state shall be guided by interpretations given by the federal courts to federal CT Page 3461 antitrust statutes.").
Although inartfully plead, the plaintiff has stated an antitrust claim that withstands a motion to strike. The facts alleged by the plaintiff are on all fours with the facts recited in Bowen v. Wohl Shoe Co., 389 F. Sup. 572 (S.D. Tex. 1975). In Bowen, the court concluded that the facts as alleged were sufficient to state a cause of action under the federal antitrust statutes. See id., 577-82. The court therefore follows this federal precedent because the text of Connecticut's antitrust statutes, or other pertinent state law, does not require otherwise. Westport Taxi Service Inc. v. WestportTransit District, supra, 235 conn. 15-16; General Statutes §35-44b.
The confusion in the present case concerning the plaintiff's standing arises from the plaintiff's dual personality. The plaintiff wears two hats in the amended complaint. She is the defendants' ex-employee and, she is the owner/proprietor of a business that was arguably the target or, within the target area, of the defendants' conduct. The defendants' assertion that the plaintiff is proceeding as an ex-employee is not without substantiation. In the amended complaint the plaintiff seeks damages for injuries that are personal, for instance, shock to her nervous system, migraines and loss of sleep. The plaintiff cannot recover these personal injuries under the antitrust statutes. See Young v. Colonial Oil Co., 451 F. Sup. 360,361 (MD GA 1978) (emotional distress is not a "business injury", and thus, not compensable under the federal antitrust statutes).
Nonetheless, the plaintiff also seeks damages for injuries to her "business or property", i.e., lost profits, which can be recovered under the antitrust statutes. General Statutes §35-35. The defendants should have utilized a request to revise to separate the plaintiff's dual personalities and delete the non-antitrust injuries from the enumerated claim of damages. Hence, although inartfully plead, the plaintiff's first count withstands the motion to strike.
 III Count Two — CUTPA
The plaintiff's dual personality also confuses the second count, which alleges a violation of CUTPA. The defendants seize CT Page 3462 upon the plaintiff's status as an ex-employee, and argue that the second count should be stricken because CUTPA does not extend to the employee/employer relationship.
CUTPA is concerned with conduct, and not the relationship between the parties. Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 492, 656 A.2d 1009 (1995). Indeed, CUTPA is not limited to conduct involving consumer injury and a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury. Id., 496. This is consistent with the statutory provision which grants a private cause of action to private persons. It states that any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by CUTPA may bring an action. General Statutes § 42-110g(a). The plaintiff has alleged that the defendants' conduct, allegedly an unfair and deceptive trade practice, injured the plaintiff's business, and thus, injured the plaintiff. The defendants' alleged conduct, if proven, may constitute conduct which falls within the wide range of conduct prohibited by CUTPA. See Associated Investment Co. v.Williams Assoc., 230 Conn. 148, 172, 645 A.2d 505 (1994) (Katz, J., dissenting). Therefore, the second count also survives a motion to strike, even though the plaintiff seeks damages for injuries that cannot be recovered under CUTPA.
 IV Counts Three and Seven
Construed in the manner most favorable to the plaintiff, the amended complaint alleges that the plaintiff was fired by the defendants because she refused to engage in conduct that allegedly violated the Connecticut Antitrust Act and CUTPA. If it is against public policy to terminate an employee for reporting the violation of a law; General Statutes § 31-51m(b); it is against public policy for an employer to terminate an employee because she refused to participate in violating the Connecticut Antitrust Act. See Faulkner v. United TechnologiesCorp., 240 Conn. 576, 583, 588, ___ A.2d ___ (1997); see also id., 586, citing, Tameny v. Atlantic Richfield Co., 27 Cal.3d 167,170, 179, 610 P.2d 1330, 164 Cal.Rptr. 839 (1980) (noting that the Tameny court found that a plaintiff who alleged that his employer discharged him for refusing to violate federal antitrust statutes, stated a cause of action). The plaintiff therefore has alleged that the defendants violated a strong CT Page 3463 public policy. The motion to strike the third and seventh counts is therefore denied.
 V Count Six — Tortious Interference with Business Relationship
In the sixth count, the plaintiff alleges that the defendants tortiously interfered with her business relationship with the distributors and manufacturer of Thermachrome 5000. The essential elements of the tort of unlawful interference with a business relationship are (1) a business relationship between the plaintiff and another party, (2) the defendant's intentionally interfering with it while knowing of the relationship and (3) as a result of the interference, the plaintiff suffered actual loss.Dinapoli v. Cooke, 43 Conn. App. 419, 426, 682 A.2d 603 (1996). As argued by the defendants, the plaintiff has failed to allege any facts in the amended complaint to demonstrate in what manner the defendants interfered with a relationship between the plaintiff and the distributors and manufacturer of Thermachrome 5000. The facts alleged only indicate that the plaintiff was fired for her refusal to allow the defendants to interfere with her business relationship. Further, the plaintiff has failed to allege facts that demonstrate that she suffered any actual loss. Indeed, the facts alleged indicate that the plaintiff refused to sever her relationship with her business relations. The plaintiff attempts to provide the facts necessary to support her claim in her memoranda of law in opposition to the defendants' motion to strike. The court, however, cannot consider facts outside the pleading. Such is an impermissible speaking motion to strike. Therefore, the facts alleged by the plaintiff in her amended complaint are insufficient to state a claim for tortious interference with a business relationship. Accordingly defendant's motion to strike is granted
 VI Conclusion
The motion to strike the first, second, third and seventh counts is denied. The motion to strike the sixth count is granted.
SO ORDERED:
MELVILE, JUDGE CT Page 3464