## CADLE COMPANY *v.* NORMAN S. DRUBNER
### (AC 20854)

Foti, Flynn and Hennessy, Js.

Argued May 3—officially released June 26, 2001

*Edward P. Jurkiewicz*, for the appellant (plaintiff).

*Richard P. Weinstein*, with whom was *Nathan A. Schatz*, for the appellee (defendant).

*Opinion*

FLYNN, J. The plaintiff, Cadle Company, appeals from the judgment of the trial court denying its petition for a bill of discovery that it had sought against the defendant, Norman S. Drubner. The dispositive issue in this appeal is whether the court, in denying the petition, abused its discretion when it concluded that the plaintiff failed to demonstrate that it (1) had probable cause to bring a potential cause of action against the defendant and (2) had no other adequate means of obtaining the desired material. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. In its complaint, the plaintiff alleges, inter alia, that it had obtained an assignment of a promissory note and mortgage from Restruck-Two, Inc., and the defendant, individually, as trustee of Restruck-Two, Inc. The note was in the principal amount of $19,324,669 to Centerbank, a bank that the complaint describes as a defunct institution. The mortgage deed required forbearance by the lender from exercising certain rights in the case of particular defaults so long as the defendant and the corporate borrower were not in default of their obligations under a separate restructuring agreement to which the mortgage deed itself referred. The complaint further alleges that the plaintiff did not receive the separate restructuring agreement with the other loan documentation, but that a few pages of it refer to an agreement in which Centerbank agreed to a conditional release of the defen-

dant from further liability arising out of the note and mortgage, provided that the defendant, in the event of foreclosure, cooperated with the bank in realizing its security and collateral. The release in return for the defendant's cooperation was triggered by a "termination event" as defined by the restructuring agreement. The plaintiff claims to be handicapped because if the defendant's deposition testimony is not perpetuated and the entire restructuring agreement is not produced, it "will be unable to bring an action which it may otherwise be entitled to bring."

The plaintiff was then heard on its complaint at a hearing in which the parties were represented by counsel and presented no evidence. At the hearing, the plaintiff admitted that it was "unsure" whether it had attempted to obtain the desired documents from Centerbank or its successors. The parties agreed that General Statutes § 52-156a and *Berger* v. *Cuomo*, 230 Conn. 1, 644 A.2d 333 (1994), governed the resolution of this matter. Thereafter, in a memorandum of decision, the court for two reasons denied the plaintiff's petition for a bill of discovery. It first held that the petition, even when considered in the light most favorable to the plaintiff, failed "to set forth sufficient facts to permit the required finding that there is probable cause to bring a potential cause of action." Second, it ruled that the plaintiff had failed to establish that it had "no other adequate means of enforcing discovery of the desired material." The court stated that the plaintiff had given no adequate explanation for failing to obtain the desired documentation as part of its purchase of the note or by requesting a copy from Centerbank or its successors. On that basis, the court ruled that the plaintiff had failed to satisfy its burden of demonstrating that it had no other adequate means of enforcing discovery of the desired material.

Thereafter, the plaintiff filed a motion to reargue to which it attached a document that allegedly had been appended to the original note and purported to assign the note directly to BCS Acquisition, L.P. (BCS). That information had not been introduced as evidence in the original hearing. Nor had an affidavit from a BCS official, which the plaintiff also attached to its motion to reargue, been introduced as evidence. The affidavit specifically indicates that the plaintiff did not receive a copy of the restructuring agreement from BCS upon obtaining the assignment and that all of the documents in BCS' possession in connection with the assignment had been turned over to the plaintiff. The plaintiff's memorandum of law in support of the motion to reargue also included a representation by the plaintiff that it had talked with an attorney for BCS who indicated that the plaintiff could have a part of the restructuring agreement, provided that BCS agreed. The court denied the motion to reargue. This appeal followed.

At the outset, we note that our standard of review is whether the court abused its discretion in denying the petition for a bill of discovery. See id., 7, 9–10.

We begin our discussion by examining the operative statute. General Statutes § 52-156a (a) (1) and (2) provides that a person who desires to perpetuate testimony regarding any matter that may be cognizable in the Superior Court may file a verified petition that is then served on the party sought to be deposed if he is an expected adverse party, and a hearing is then held on the petition before a judge. The court may order the taking of depositions if it is satisfied that "the perpetuation of the testimony may prevent a failure or delay of justice . . . ." General Statutes § 52-156a (a) (3).

The history, extent and limitations of the use of the bill of discovery recently were examined by our Supreme Court in *Berger* v. *Cuomo*, supra, 230 Conn.

5–7. Although it is not necessary to restate all of the principles so well detailed in that case, we mention those that are of particular significance to this appeal. *Berger* informs us that the plaintiff who brings a petition for a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action; he must show more than a mere suspicion. Id., 7. He also must show that there is some describable sense of wrong. Id., 7–8. The plaintiff must demonstrate good faith that the information sought is material and necessary to his action. Id., 6. Just what is reasonably necessary is within the trial court's broad discretion. Id., 7. *Falco* v. *Institute of Living*, 254 Conn. 321, 332, 757 A.2d 571 (2000), emphasizes the need to present evidence regarding the dearth of alternative means of obtaining the desired information other than disclosure by the defendant. Lack of such evidence lends credence to the conclusion that the petition is being employed as an alternative to diligent investigation. Id. *Falco* further informs us that merely alleging that there are "no other adequate means of enforcing discovery of the desired material" is not sufficient to satisfy the burden. *Berger* v. *Cuomo*, supra, 6.

Against that legal backdrop, we address the plaintiff's failure to support its petition for a bill of discovery with any evidence. Section 52-156a (a) (1) provides that an action must be commenced by a verified petition. The verification requirement does not excuse the need to offer supportive evidence any more than it does in injunction or other proceedings that similarly require a verified complaint. Statutory verification requirements condition how the action is commenced but do not govern how it is proved. The record reveals that the allegations of the plaintiff's complaint about whether the entire equitable proceeding was necessary were in fact contested at the hearing. The defendant told the court that he believed evidence was necessary. The

plaintiff contends on appeal that this court in *Nestor* v. *Travelers Indemnity Co.*, 41 Conn. App. 625, 631, 677 A.2d 475, cert. denied, 239 Conn. 903, 682 A.2d 1004 (1996), implicitly countenanced establishment of probable cause by pleadings. That argument disregards the significance of the effect of the procedural device that the defendant in *Nestor* used to attack the petition for the taking of depositions. The defendant in that case used a motion to strike. Such a motion admits all facts as true and well pleaded. Notwithstanding that admission, the defendant maintained that even if the allegations of fact were proven, they would not give rise to a cause of action. Id., 628–29. When this court in *Nestor* stated that "[t]he plaintiff did not establish through his pleadings that he had probable cause to bring a potential cause of action," it was holding that the allegations of the complaint, even if accepted as true, did not sufficiently set out probable cause to bring a potential cause of action. Id., 631. The *Nestor* court found that in a motion to strike addressed to the legal sufficiency of the pleadings, those pleadings did not suffice. That is *not* the same as the plaintiff's assertion in the present case that a *mere* pleading suffices. See id. Furthermore, the representations and arguments of the plaintiff's counsel are not evidence. *Cologne* v. *Westfarms Associates*, 197 Conn. 141, 153, 496 A.2d 476 (1985). Because the plaintiff put no testimony or other admissible evidence before the court to establish probable cause to bring a potential cause of action and also failed to show that it had no other adequate means of securing the information other than by subjecting the defendant to an equitable petition in the trial court, the court was well within its discretion in denying the petition. Our resolution of this issue is dispositive of the appeal, and we therefore do not address the plaintiff's other claims.

The judgment is affirmed.

In this opinion the other judges concurred.