[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON BILL OF DISCOVERY
This is a petition for a bill of discovery in which the petitioner seeks to depose two individuals whom he is eventually likely to sue. Those two individuals oppose this attempt to depose them.
The petitioner Richard D. DeSarbo, Esq., is the majority shareholder of two small businesses: DeSarbo, Reichert, Gradoville, P.C., a law firm, and Employee Benefit Consultants, LLC, ("EBC") a consulting firm. The respondents and the potential defendants in a proposed lawsuit by the petitioner are the minority shareholders, Teresa Reichert, Esq., and Robert Gradoville, Esq., who together own 31.7% of each business.
The law firm and the consulting firm have recently been dissolved. The parties have communicated and corresponded with one another about the transfer of client files, accounts receivable and billings, tangible assets, and accounts payable. As is sometimes the case in such small firm dissolutions, the tone of the communications, while civil, has been fraught with suspicion, at least on the part of the petitioner. The parties in their presentation to the court have marked much of this correspondence as exhibits for this petition and have stipulated to CT Page 8954 certain other facts.
The petitioner believes that he may have a cause of action against Reichert and Gradoville for breach of fiduciary duty. This arises out of what the petition claims to be the following circumstances: 1) the failure of the respondents to "cooperate" in generating final bills for the law firm, and the failure to account for collections on the final billings; 2) failure of the respondents to surrender manila file folders containing the billing history for clients of the law firm as of November 2000, the date of the dissolution and final billing; 3) receipt by the respondents of payments from clients of the law firm or the consulting firm without a proper accounting; 4) the actions of the respondents in "obstructing the generation of billings" for EBC and creating a situation where an opportunity to sell that firm to a third party was lost; 5) the removal by the respondents of certain client files from EBC without permission; and 6) the formation by the respondents of a new consulting business and their hiring of two former EBC employees whom the respondents knew to be covered by a restrictive employment covenant.
The petitioner seeks to depose the respondents in order to specifically inquire into each of these areas. He asserts he must do so by way of a bill of discovery because he is unable to currently bring a lawsuit against them. This is because he is still in rehabilitation from coronary bypass surgery that he had in January 2001 and is not physically up to the strain of bringing these claims as an ordinary lawsuit. Also he claims he has asked for certain of this material through correspondence and is dissatisfied with the responses and production that he has received.
The respondents oppose any discovery by way of this proceeding. They assert that the petitioner has made an insufficient showing of why he is presently unable to bring a cause of action against them and that he has not adequately explained why he cannot obtain this information by other means.
Conn. Gen. Stat. § 52-156a prescribes what must be shown in order for the court to grant leave to take such depositions.
 (a)(1) A person who desires to perpetuate testimony regarding any matter that may be cognizable in the Superior Court may file a verified petition in the superior court for the judicial district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (A) That the petitioner expects to be a party to an action cognizable in the superior court CT Page 8955 but is presently unable to bring it or cause it to be brought, (B) the subject matter of the expected action and the petitioner's interest therein, (C) the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it, (D) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (E) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expect to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony. . . . (3) If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories.
Conn. Gen. Stat. § 52-156a.
The petitioner must demonstrate that what he seeks is "needed to aid in proof of . . . another action . . . about to be brought" and "that he has no other adequate means of enforcing discovery of the desired material. . . ." Berger v. Cuomo, 230 Conn. 1,644 A.2d 333 (1994).
The court finds that the petitioner has satisfied none of the required elements. First, the petitioner has not provided any satisfactory explanation for why he is presently unable to bring the proposed lawsuit. Since his surgery in January the petitioner has traveled from Connecticut to Florida and back. He is not bedridden. He is fully able to consult with his counsel. Indeed one of the exhibits indicates that he was consulted about and assented to the sale to the respondents of some of the personal property of EBC in February 2001 and made decisions at that time about rejecting certain invoices for services rendered by the respondents. The petitioner's memorandum of law argues that he cannot now "initiate a full scale lawsuit because of the attendant stress associated with such proceedings." With this the court is indeed sympathetic. The evidence is still insufficient in the court's view to establish that the petitioner is unable to bring the contemplated civil action, while he is yet able to bring this petition. CT Page 8956
Nor has the petitioner demonstrated that he cannot bring such an action without information developed through the testimony of the respondents — that such testimony is necessary or material to his proposed cause of action. For the first five of the areas listed above into which the petitioner seeks to inquire, it is unclear on what, if anything, his cause of action might rest.
For example, in his letter to respondents of December 16, 2000, the petitioner claims to have evidence from a client that the respondents offered to accept $2750.00 to settle the client's account instead of the outstanding billing of $2970.00. "Other clients . . . refuse to pay their invoices," the petitioner accuses. This suggests to the court no wrongful conduct on the part of the respondents.
In that same exhibit, the petitioner rejected the attempt by the respondents who had now left the firm to obtain payment on certain invoices, so that no damage to the petitioner ensued. Later in another document the magnitude of the petitioner's concerns becomes clear. The respondents have sought payment from the petitioner on two invoices, which he rejected, for office supplies in the total amount of $335.38. Letter of March 23, 2001. This hardly seems to form the basis for one lawyer suing two others for breach of fiduciary duty.
As to the sixth claim of the petitioner — the participation by the respondents in the breach of a restrictive employee covenant by another individual — the petitioner seems already to have the information necessary to either bring that lawsuit or not.
A petitioner "who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong." Id., 7; see also, Cadle Co. v. Drubner, 64 Conn. App. 69
(2001). The petitioner has failed to articulate or submit sufficient evidence to establish any kind of reasonable belief that any cause of action rising to a breach of fiduciary duty may exist here.
Nor has the petitioner demonstrated that he cannot obtain the factual foundation for his proposed lawsuit without the depositions of the respondents. As the majority owner of EBC and the President of the law firm, the petitioner is entitled to possession of the corporate documents. Indeed certain of the correspondence admitted as evidence in this proceeding suggests that he has possession of these documents. Letter of January 2, 2001. If the petitioner has a good faith belief that some papers of these businesses have been removed by the respondents, he can seek appropriate judicial orders for their return. Under the various business organization statutes, he may be entitled to an accounting and may utilize the court if necessary to enforce the right to view and copy CT Page 8957 other documents generated by the respondents during their membership in these businesses. If the petitioner believes that a particular client has been improperly billed, see Letter of December 16, 2000, he can certainly seek to interview that client. The evidence does not even support the petitioner's claim that he has previously demanded all the information he now seeks as part of this bill of discovery.
What is most important to the court's decision in this case, however, is the form the petitioner requests this discovery take. He asks that the respondents, whom he seeks eventually to sue, be made to answer questions put to them by petitioner's lawyer at a deposition in advance of any formal accusation being made against them. The respondents object that this offends due process and, absent some unusual circumstance, the court quite agrees.
What the petitioner seeks in this case, unlike in Berger is not documents or records. He seeks the actual testimony of the proposed defendants in order to perpetuate it for his upcoming lawsuit. There may be discrete facts about which the respondents could testify at trial that would be helpful to the petitioner's claims, but the court fails to see how this testimony in advance of the actual commencement of the lawsuit
is necessary in any way. These are not third party witnesses to an event. These are not individuals deposed in their role as the custodians of documents. These respondents are to be the targets of a serious civil claim, breach of fiduciary duty. Case law supports a bill of discovery or other proceeding to compel them to produce any documents or records of the petitioner or the former business entities with which they were all previously associated. But granting this bill would not "prevent a failure or delay of justice." Conn. Gen. Stat. § 52-156a(3). Rather, the court finds the opposite to be true if the respondents are compelled to submit to an oral deposition essentially in a vacuum without reference to any specific allegations against them.
The bill of discovery is denied.
Patty Jenkins Pittman, Judge