THE CADLE COMPANY, Plaintiff,

v.

Norman S. DRUBNER, Individually and as Trustee, and Restruck–Two, Inc., Defendants.

No. CIV. 3:03CV1082(AWT).

United States District Court, D. Connecticut.

Feb. 12, 2004.

Edward P. Jurkiewicz, Canton, CT, for Plaintiff.

Richard P. Weinstein, Weinstein & Wisser, P.C., West Hartford, CT, for Defendant.

### RULING ON MOTION TO DISMISS

THOMPSON, District Judge.

The defendant, Norman S. Drubner, in his individual capacity and in his capacity as trustee ("Drubner"), has filed a motion to dismiss the plaintiff's Amended Complaint, contending that the plaintiff's claims are precluded by the doctrines of res judicata and collateral estoppel. For the reasons set forth below, the motion to dismiss is being denied.

### I. *Factual Background*

On February 4, 2000, the plaintiff filed a petition in Connecticut Superior Court to perpetuate testimony, conduct depositions and order the production of documents before the commencement of an action. The only relief requested in the petition was a pure bill of discovery pursuant to Connecticut General Statutes § 52–156a (a)(3). Section 52–156a (a)(3) provides in relevant part:

If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the

examination and whether the depositions shall be taken upon oral examination or written interrogatories. The depositions may then be taken in accordance with this section; and the court may make orders for the production of documents and things and the entry upon land for inspection and other purposes, and for the physical or mental examination of persons.

Conn. Gen.Stat. § 52–156a (a)(3)(2000).

On March 28, 2000, after hearing oral argument on the matter, the Connecticut Superior Court denied the petition on the grounds that the plaintiff (1) had failed to set forth sufficient facts to support a finding that there was probable cause to bring a potential cause of action against the defendant, and (2) had failed to establish that the petitioner had no other adequate means of obtaining the desired material. The plaintiff appealed, and the Appellate Court of Connecticut affirmed the ruling. *See Cadle Co. v. Drubner,* 64 Conn.App. 69, 777 A.2d 1286 (2001).

On June 19, 2003, the plaintiff filed this action seeking a declaratory judgment and injunction against the defendants relating to a certain note, mortgage and restructuring agreement (Count I), damages for breach of contract (Count II), and a judgment of strict foreclosure and immediate possession of the mortgaged property and a deficiency judgment (Count III).

## II. *Legal Standard*

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in sup-

port of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dept. Stores Co.,* 34 F.Supp.2d 130, 131 (D.Conn. 1999) (quoting *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683).

## III. *Discussion*

■ The doctrines of res judicata and collateral estoppel are both related to the general principle that "once a question has been finally and authoritatively decided it should not be relitigated." *CFM v. Chowdhury,* 239 Conn. 375, 396, 685 A.2d 1108, 1119 (1996).

The terms res judicata and collateral estoppel refer to the concepts of claim preclusion or issue preclusion respectively. Both claim preclusion and issue preclusion express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. Although claim preclusion and issue preclusion often appear to merge into one another in practice, analytically they are regarded as distinct. Claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits.... Issue preclusion, pre-

vents a party from relitigating an issue that has been determined in a prior suit. *Id.*, 239 Conn. at 397, n. 21, 685 A.2d at 1120, n. 21 (quoting *Jackson v. R.G. Whipple, Inc.*, 225 Conn. 705, 712–13, 627 A.2d 374, 377 (1993)) (internal citations, brackets and quotation marks omitted).

The defendant contends that the Connecticut Superior Court's decision to deny the plaintiff's petition for a bill of discovery was a ruling on the merits and thus the doctrines of res judicata and collateral estoppel bar the present action.

## A. Res Judicata

■ The doctrine of res judicata precludes the relitigation of the same claim against the same parties or those in privity with them when a final judgment has been rendered. *See Mazziotti v. Allstate Ins. Co.*, 240 Conn. 799, 812, 695 A.2d 1010, 1017 (1997). "[A] judgment will ordinarily be considered final 'if it is not tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court ...'" *CFM*, 239 Conn. at 398–99, 685 A.2d at 1120–21. "[O]ne of the critical factors in determining whether a judicial determination is a final judgment for purposes of res judicata is whether it is also a final judgment for purposes of appeal." *Id.* at 398, 685 A.2d at 1120.

■ Courts must first consider the doctrines underlying these policies before deciding whether to apply one of them to a particular case. *See State v. Ellis*, 197 Conn. 436, 465, 497 A.2d 974, 989–90 (1985). The doctrine of res judicata seeks "(1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation." *Id.* at 466, 497 A.2d at 990 (internal quotation marks omitted).

■ Here, the plaintiff filed a petition for a bill of discovery in the Connecticut Superior Court contending that it needed to perpetuate the defendant's testimony and obtain a certain document. At the time of the hearing on the petition, the plaintiff presented no evidence in support of the petition and admitted that it was unsure as to whether it had attempted to obtain the desired documentation from a third party. The Connecticut Superior Court denied the petition and entered judgment in favor of the defendant. The defendant argues that the Connecticut Superior Court's judgment denying the plaintiff's petition for a pure bill of discovery constituted a ruling on the merits of the plaintiff's claim in this action. The court disagrees.

■■ A bill of discovery is an equitable procedural tool that allows for the gathering of evidence. *See Journal Publ'g Co. v. Hartford Courant*, 261 Conn. 673, 680, 804 A.2d 823, 832 (2002). The Supreme Court of Connecticut has distinguished a pure bill of discovery, which requests only discovery, from bills of discovery that request discovery and relief. *See id.* at 699, 804 A.2d at 841 (Borden, J., dissenting). A pure bill of discovery seeks information or documentation in the possession of the adverse party. *See id.* Conversely, the bill of discovery and relief requests both discovery and an equitable remedy. See *id.* See also G. Bispham, *Principles of Equity* § 525, pp. 437–38 (11th Ed.1931) (bill of discovery and relief is a vehicle by which claim is made for both discovery and equitable remedy; pure bill of discovery aids prosecution of legal claim); 3 J. Story, *Equity Jurisprudence* § 1930, p. 519 (14th Ed.1918) (pure bill of discovery, as distinguished from bill of discovery and relief, seeks no remedy other than disclosure of

certain information or documentation); 1 J. Pomeroy, *Equity Jurisprudence* § 191, p. 277 (5th Ed.1941) (same).

 The "[pure] bill of discovery is an independent action ... designed to obtain evidence for use in an action other than the one in which discovery is sought." *Journal Publ'g Co.*, 261 Conn. at 680, 804 A.2d at 831 (internal quotation marks omitted). In order to obtain a pure bill of discovery,

> the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. Although the petitioner must also show that he has no other adequate means of enforcing discovery of the desired material, [t]he availability of other remedies ... for obtaining information [does] not require the denial of the equitable relief ... sought. This is because a remedy is adequate only if it is one which is specific and adapted to securing the relief sought conveniently, effectively and completely. The remedy is designed to give facility to proof.

*Berger v. Cuomo*, 230 Conn. 1, 6, 644 A.2d 333, 337 (1994) (citations and internal quotation marks omitted). Even when a petition is granted, "[t]he plaintiff's right to ... discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to his own title or cause of action. It does not enable him to pry into the defendant's case, or find out the evidence by which that case will be supported." *Peyton v. Werhane*, 126 Conn. 382, 389, 11 A.2d 800, 803 (1940) (internal quotation marks omitted).

The limited purpose and narrow scope of the proceedings on a pure bill of discovery shows that pure bills of discovery are not designed to give parties the opportunity to fully litigate claims. "[T]here is a distinction between a would-be plaintiff having to demonstrate the need for the information to determine whether a particular cause of action is worthy of being pursued and a plaintiff having to prove definitively that he has a cause of action and that he will probably prevail ultimately at the trial on the merits." *Berger*, 230 Conn. at 9, 644 A.2d at 338.

The defendant argues that one of the reasons the Connecticut Superior Court denied the plaintiff's petition was its failure to demonstrate probable cause to bring a potential cause of action, and the ruling was therefore a decision on the merits of the claim in this action. However, the trial court denied the plaintiff's petition for a bill of discovery for failure to support its petition for a bill of discovery with any evidence. That is, the court denied the plaintiff's petition not because it found that the plaintiff's claim lacked merit, but because the plaintiff failed to convince the court that a bill of discovery should be granted. In affirming the Superior Court's decision, the Appellate Court of Connecticut stated:

> Because the plaintiff put no testimony or other admissible evidence before the court to establish probable cause to bring a potential cause of action and also failed to show that it had no other adequate means of securing the information other than by subjecting the defendant to an equitable petition in the trial court, the court was well within its discretion in denying the petition.

*Cadle Co.*, 64 Conn.App. at 74, 777 A.2d at 1289. The only claim before the Connecticut Superior Court was the claim for a pure bill of discovery. The plaintiff was not required in the action in Superior Court to "prove definitively that [it] ha[d] a cause of action," but rather "to demonstrate the need for information." *Berger*, 230 Conn. at 9, 644 A.2d at 338. The

defendant's argument is akin to taking the position that if a party is unsuccessful in obtaining a temporary restraining order or a preliminary injunction, it should then be barred from proceeding to a trial on the merits.

The doctrine of res judicata prevents a litigant from reasserting a claim that has already been decided on the merits. Inasmuch as the merits of the claim in this action have not been decided, the claim is not barred by the doctrine of res judicata and the motion to dismiss is being denied.

### B. Collateral Estoppel

■ The defendant also contends that this action should be dismissed because it is barred by the doctrine of collateral estoppel.

Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action.... For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.

*Aetna Cas. & Sur. Co. v. Jones,* 220 Conn. 285, 296, 596 A.2d 414, 421 (1991) (citations and internal quotations marks omitted).

■ In deciding whether litigation of an issue is barred by collateral estoppel, the court determines "what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding." *Aetna Cas. & Sur. Co.,* 220 Conn. at 297, 596 A.2d at 421. A full and fair opportunity to litigate is "a crowning consideration in collateral estoppel cases." *Id.* at 306, 596 A.2d at 425 (internal quotation marks omitted). "[I]f the nature of the hearing carries procedural limitations that would not be present at a later hearing, the party might not have a

full and fair opportunity to litigate." *Id.* at 306, 596 A.2d at 426.

The defendant does not distinguish between his contention concerning the doctrine of res judicata and his contention concerning the doctrine of collateral estoppel. Nowhere does he point to a particular issue he claims is subject to the doctrine of collateral estoppel. Rather, it appears that the focus of his analysis is his contention that the plaintiff's claims were decided on their merits for the reasons set forth above in the discussion of the doctrine of res judicata, and the court finds that argument unpersuasive for the reasons set forth above.

■ The defendant mentions in a footnote that the plaintiff seeks to obtain through discovery in this action the same documents it unsuccessfully sought to obtain by means of its petition for a bill of discovery. To the extent that the defendant is taking the position that the plaintiff is barred by the doctrine of collateral estoppel from conducting discovery in this action by virtue of the Connecticut Superior Court's ruling on the petition for a bill of discovery, that contention also lacks merit. The standards for obtaining discovery under Connecticut General Statutes § 52–156a and Rule 26 of the Federal Rules of Civil Procedure are different in material respects, and this action is not a proceeding pursuant to Rule 27.

Accordingly, the defendant's motion to dismiss this action based on the doctrine of collateral estoppel is being denied.

### IV. Conclusion

For the reasons set forth above, the defendant's Motion to Dismiss (Doc. # 9) is hereby DENIED.

It is so ordered.